IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SALVADOR ELISEO PINA, | § | |
| a/k/a Salvador Eliseo Pena,[1] | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0284 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner PINA challenging his November 14, 2007 conviction for the felony offense of possession of a controlled substance out of the 181st Judicial District Court of Potter County, Texas, and the resultant 99-year sentence. *See State v. Pena*, No. 55,243-B. The undersigned United States Magistrate Judge recommends petitioner's habeas application be DENIED.

I.
STATEMENT OF FACTS

In his answer, respondent summarized the underlying facts as follows:

In the early morning hours of June 8, 2006, several Amarillo police officers were responding to a call in a residential neighborhood that was unrelated to Pena's

---

[1]TDCJ-CID No. 01523426 is registered to inmate Salvador Eliseo Pena. The Court will refer to petitioner as Pena.

present offense. While standing just off a residential street, the officers noticed an automobile driving down the street; they noticed the automobile because it was playing extremely loud music at approximately 4 a.m. Several of the officers moved toward the automobile, blocked its path, and shined their flashlights at its two occupants. The officers ordered the driver [to] stop; the occupants were very surprised by the officers' sudden presence. As the automobile came to a stop, an officer observed a male sitting in the right front passenger seat lifting his torso off the seat, using his arm to "reach around" his body, and then immediately placing his hand down between the passenger seat and the passenger car door, as if he were "stuffing something down there." Other officers observed the passenger acting suspiciously, and attempting to place something in the area between the front passenger seat and the passenger door. The passenger's movement was of particular concern to the officers because it was consistent with the use of, or interaction with, a weapon. The passenger was later identified as Pena, and the driver was later identified as Stephanie [Torrez].[2] At no time did the officer's observe [Torrez] reach toward [] Pena, or attempt to hide anything.

The officers removed both Pena and [Torrez] from the automobile; immediately searched the area between the front passenger seat and the passenger door – the area where they believed Pena attempted to hide something – and found a small pouch (the "Pouch"). Upon searching Pena's person, an officer found a large amount of cash in one of Pena's socks. It was later determined that the Pouch contained approximately 14 grams of methamphetamine. Upon searching [Torrez's] purse, officers also found a small amount of methamphetamine. . . .

*Respondent Thaler's Answer* at 2-4 (record citations and footnotes omitted).

## II.
## PROCEDURAL HISTORY

On June 9, 2006, in Cause No. 31,437, petitioner was charged by complaint with the offense of possession of a controlled substance occurring on June 8, 2006. On July 5, 2006, counsel was appointed to represent him. On September 21, 2006, in Cause No. 53,756-B, petitioner was charged by indictment with the same offense. On December 1, 2006, two weeks before docket call on December 14, 2006, attorney David Martinez was substituted as retained counsel. On December 17, 2006, Mr. Martinez was granted a continuance in Cause No. 53,756-B.

---

[2]Identified in the Reporter's Record as "Stephanie Toriz" but her actual name is "Stephanie Torrez." The Court will refer to her as Torrez.

On February 15, 2007, in Cause No. 55,243-B, petitioner was charged by indictment with the second-degree felony offense of possession of a controlled substance (methamphetamine) in an amount of 4 grams or more, but less than 200 grams, such offense having occurred on or about June 8, 2006 (re-indicted from No. 53,756-B which was subsequently dismissed). The indictment alleged a prior felony conviction for delivery of a controlled substance for purposes of sentence enhancement. The case was set for jury trial on April 9, 2007. On April 6, 2007, however, Mr. Martinez requested a continuance to investigate new felony charges filed against petitioner in Potter and Randall Counties. Counsel, subsequently announced ready at both the May 2007 and July 2007 docket calls.

Jury trial was held on November 14, 2007. At trial, Stephanie Torrez testified she picked up petitioner, who was having car problems, around 4:00 a.m., just moments before the police stopped her car. Torrez testified the pouch found between the front passenger seat and the passenger door was not hers, that she was not aware that it was in her car, that it had not been in her car before petitioner entered it, and that no one else had been in her car that day. Torrez admitted the methamphetamine found in her purse was for her personal use, that she had been charged with possession of that methamphetamine, had pled guilty, and received a 10-year probated sentence. Torrez also testified she did not have an agreement with the State for any benefit in exchange for her testimony at petitioner's trial. Witness Amanda Beard testified at trial that she known petitioner for about three (3) years from, "I guess you could call it the dope game." Defense counsel objected to Beard's comment on the grounds that it referenced an extraneous offense, that such would be highly prejudicial, and that it was a general characterization of petitioner's character. The trial court overruled the objection when advised Beard would be testifying about conversations she had with petitioner on the day the charged offense occurred. When defense counsel re-urged the

objection and added a hearsay objection, the trial court ruled Beard would be allowed to testify as to what she observed petitioner do on that day, but not as to what she heard him or others say. By her testimony, Beard testified that at the time of petitioner's offense, she and her boyfriend sold and used drugs, and that a few hours before petitioner's arrest, she observed petitioner accept methamphetamine, in a plastic bag, from her boyfriend. Beard acknowledged she did not observe petitioner place the methamphetamine into a pouch, and also admitted that at the time of her testimony she was on probation for a drug possession offense.

On November 14, 2007, the jury found petitioner guilty of the offense of possession of a controlled substance as alleged in the indictment. After petitioner pleaded true to the enhancement paragraph, the jury assessed his punishment at ninety-nine (99) years imprisonment, and a $10,000 fine.

Petitioner was appointed new counsel for direct appeal. On appeal petitioner argued "[t]he trial court abused its discretion and thereby denied [petitioner] both due process and equal protection of law when it failed to sustain a [d]efense objection to testimony that was specifically directed to [petitioner's] character in contradiction to Rule 404(a), Texas Rules of Evidence." Petitioner complained of Amanda Beard's testimony that she knew petitioner through "the dope game." On July 14, 2008, the state appellate court affirmed petitioner's conviction and sentence finding petitioner had waived his claims of due process and equal protection due to a failure to raise such objections during trial, and waived his claim of abuse of discretion due to the lack of a running or continuous objection to the testimony. *Pena v. State*, No. 07-07-0484-CR (Tex.App.–Amarillo July 14, 2008) (unpublished). Although granted an extension of time to file a petition for discretionary review (PDR) challenging the appellate court's holding, petitioner did not file a PDR with the Texas Court of Criminal Appeals.

On March 11, 2009, petitioner filed a state application for a writ of habeas corpus alleging the following grounds:

1. Petitioner was denied effective assistance of trial counsel because counsel failed to:

   a. Interview and investigate State's witness Staphanie Liza Toriz;

   b. Interview and investigate State's witness Amanda Beard; and

   c. file any pre-trial motions.

2. Petitioner was denied effective assistance of appellate counsel because counsel failed to raise a meritorious claim on direct appeal.

*Ex parte Pena*, No. 71,991-01. To his state habeas application, petitioner attached an affidavit from trial counsel in which counsel characterized the representation he provided petitioner as ineffective:

> I hereby state that after reviewing the trial records in the case, that my representation of Mr. Pina, fell below an objective standard which rendered my representation ineffective. I believe that my omissions in Mr. Pina's case, was due in a large part to the big case load that I was handling at the time. I failed to file any pre-trial motions. Moreover, I was over-loaded with several other cases that I was unable to properly investigate Mr. Pina's case from the onset.
>
> First, the State's main and first witness called, was Staphanie [sic] Liza Toriz. I failed in my obligation, to interview Ms. Toriz prior to trial. Had I interviewed Ms. Toriz as well as [filed] a motion for discovery, then I would have learned that Ms. Toriz' drug probation had been violated and for some unknown reason the State had reinstated it. Had I of known this, then I could have used it to impeach Ms. Toriz' testimony. This would have raised the question in the minds of the jury whether or not Ms. Toriz' indeed had a deal with the State to testify against Mr. Pina.
>
> Secondly, I recall that during the trial one of the State's witnesses, Amanda Beard, testified to extraneous offenses against Mr. Pina. Ms. Beard stated she knew Mr. Salvador Pina from the "dope game." I did object to this testimony, however, according to the Appellate Court, I did not object enough. Therefore, the issue wasn't preserved for review. Had I of filed a Motion in Limine, this motion could have kept any of the State's witnesses from testifying to any extraneous offenses. Moreover, had I filed motions pursuant to C.C.P. 37.07 § 3(g) and 404(b), which would have required the Prosecutor to notify the defense prior to trial of their intent to offer in it's case in chief, prior extraneous offenses, acts, and/or bad acts. My failure to file any of these motions prejudiced Mr. Pina's defense of the case. Since, I was not aware of this evidence; I was unable to prepare a defense or strategy before

the trial. Furthermore, I learned after the trial of this case, that Ms. Beard wasn't on probation for a drug offense, but had in fact been in trouble two other times for drugs, plus she had a pending felony drug charge for organized crime. Had I filed a Motion for Discovery requesting the criminal backgrounds of all the State's witnesses, and/or investigated Ms. Beards' background, then I would have discovered this evidence and it clearly would have been used to impeach Ms. Beard's credibility. Ms. Beard was a crucial witness for the State. However, due to my case load at the time, I just didn't have the time to prepare to properly cross-examine this witness.

Although the State, in its answer, argued petitioner failed to show his grounds of error had merit, neither the prosecution nor the trial court addressed counsel's affidavit.

The Texas Court of Criminal Appeals remanded the case to the trial court to "determine whether [petitioner's] trial counsel's affidavit [was] credible" and to make findings of fact whether:

1. "counsel filed any pre-trial motions and if not, if his failure to do so prejudiced the defense";

2. "counsel investigated the State's witnesses and if not, whether his failure to do so prejudiced the defense"; and

3. "The performance of [petitioner's] trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced [petitioner.]

On August 11, 2009, the state trial court entered findings of fact and conclusions of law finding defense counsel "did not file any pre-trial discovery motions," but that "this failure did not prejudice the defense" for the following reasons:

A. Applicant's attorney's assertion that he would have learned that a witness of the State, Staphanie Liza Toriz [sic] (actual name Stephanie Liza Torrez) was on "drug probation that had been violated and for some unknown reason the State reinstate it" is a mis-statement of fact. Contrary to the assertions of Applicant's attorney, a motion to revoke Ms. Torrez's community supervision was not filed until after Applicant's trial and her community supervision was revoked and never reinstated.

B. Applicant's attorney's assertion that his failure to file motions pursuant to C.C.P. 37.07 Sec. 3(g) and 404(b) which would have required the Prosecutor to notify the defense prior to trial of their intent to offer in it's case in chief, prior extraneous offenses, acts, and/or bad acts prejudiced Applicant's defense is a mis-statement of fact. Prior to trial, the State provided Applicant's attorney with notice of its intention to use evidence regarding Applicant's involvement in an organized crime offense in Randall County and Applicant's trial attorney personally reviewed the State's file in this cause, pursuant to the State's open file policy on March 5, 2007.

> In addition, Applicant's attorney represented to this Court that he needed a
> continuance in order to investigate "new charges" the State would use in the
> punishment phase of the trial. Therefore, Applicant's attorney was personally aware
> of those charges and the underlying facts.
>
> C. Applicant['s] attorney contends that after the trial he learned that Amanda Beard
> "wasn't on probation for a drug offense, but had in fact been in trouble two other
> times for drugs, plus she had a pending felony drug charge for organized crime." He
> further states that "had I filed a motion for Discovery requesting the criminal
> backgrounds of all witnesses, and/or investigated Ms. Beard's background, then I
> would have discovered this evidence and it clearly would have been used to impeach
> Ms. Beard's credibility." Applicant's attorney reviewed the Randall County District
> Attorney's files concerning the organized criminal activity charge that Applicant's
> trial attorney alludes to in his affidavit. Ms. Beard's criminal history as well as all
> recordings of her and all statements she provided to law enforcement were contained
> in files that he had access to and had reviewed. A copy of these recordings and
> documents were also contained in the Potter County District Attorney's file in Cause
> No. 55,243-B which Applicant's attorney had access to. In addition, prior to trial,
> Applicant's trial attorney spoke with the State's prosecuting attorney, Mr.
> Martindale, and told him that he knew about Ms. Beard and what she would have to
> say and that he had discussed this fact with Applicant. Therefore, Applicant's
> attorney did not lack the information he asserts prevented him from effectively
> cross-examining Ms. Beard.

The state trial court found petitioner's trial counsel investigated the State's witnesses and that counsel's performance was not deficient. The state trial court concluded petitioner's trial counsel's affidavit was not credible and that, contrary to counsel's assertions, counsel rendered effective assistance of counsel at trial.

On October 21, 2009, the Texas Court of Criminal Appeals, with a written order, denied petitioner's habeas application "based on the trial court's findings of fact as well as [the court's own] independent review of the entire record."

On November 23, 2009, petitioner filed this federal application for a writ of habeas corpus challenging his conviction on the same grounds raised on appeal and on state habeas review.[3]

---

[3] Petitioner's habeas application was received November 30, 2009.

III.
PETITIONER'S ALLEGATIONS

Petitioner contends his conviction is in violation of the Constitution and laws of the United States because he was denied effective assistance of counsel when trial counsel:

A. failed to interview or investigate petitioner's co-defendant prior to trial to discover potential impeachment evidence;

B. failed to interview or investigate a crucial State's witness prior to trial to discover potential impeachment evidence; and

C. failed to file the following pretrial motions:

1. a discovery motion, which would have revealed the impeachment evidence with regard to the co-defendant;

2. a motion in limine, which would have prevented a State witness from stating petitioner was involved in the "dope game," an extraneous offense; and

3. a 404(b) motion, which would have required the State to indicate its intent to offer evidence of extraneous offenses.

IV.
STANDARD OF REVIEW

Section 28 U.S.C. § 2254(d) provides a writ of habeas corpus on behalf of a person in custody under a state court judgment shall <u>not</u> be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless that person first shows the prior adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner filed a direct appeal and subsequently filed a state habeas application challenging the constitutionality of his conviction and sentence on the same grounds he asserts in this federal habeas proceeding. On direct appeal, the state appellate court affirmed petitioner's conviction. *Pena v. State*, No. 07-07-0484-CR. Petitioner then presented his claims to the highest state court, the Texas Court of Criminal Appeals, in a state habeas corpus petition. That court denied petitioner's habeas application with a written order based on the findings of the state trial court as well as the court's own independent review of the entire record. *Ex parte Pena*, No. 71,991-01. The ruling of the Texas Court of Criminal Appeals constituted an adjudication of petitioner's state habeas corpus claims on the merits, *see Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999); *Ex parte Torres,* 943 S.W.2d 469 (Tex.Crim.App. 1997) (under Texas law a denial by the Court of Criminal Appeals signifies the court addressed and rejected the merits of the claims). Therefore, the deferential standard set forth in 28 U.S.C. § 2254(d) is applicable to this case. Under that standard, this Court's review is limited to a determination of (1) whether petitioner has shown the state court's determination that petitioner's claims were without merit was based on an unreasonable determination of the facts in light of the evidence before the state court, or (2) whether petitioner has shown the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

V.
INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his answer, respondent has set forth the proper standard under *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984) and its progeny for reviewing claims of ineffective assistance of counsel in federal habeas corpus proceedings. Petitioner's claims

are analyzed under that standard.

### Failure to interview or investigate Torrez prior to trial to discover potential impeachment evidence

Stephanie Torrez testified at petitioner's trial that the pouch found between the front passenger seat and the door containing methamphetamine was not hers, but that the methamphetamine found in her purse was hers. Torrez testified she received a 10-year probated sentence for that methamphetamine possession offense and did not have any deal with the State for her testimony at petitioner's trial.

By his first ground, petitioner argues trial counsel was deficient because he failed to interview and investigate Stephanie Torrez before trial. Relying on his attorney's affidavit which was submitted during state habeas proceedings, petitioner claims if counsel had interviewed and investigated Torrez prior to trial, he would have discovered Torrez's "probation had been violated and reinstated" for "some unknown reason." Petitioner contends trial counsel could have used this information during cross-examination of Torrez to show, or at least suggest, Torrez had a "deal" with the State as shown by the unexplained reinstatement of her probation. Petitioner appears to contend he was prejudiced because such information would have rendered Torrez's testimony unbelievable.

This ground was raised in petitioner's state habeas application. The state habeas court found petitioner's attorney's affidavit not credible based on affidavits and state court records submitted during state habeas proceedings showing Torrez's probation was not revoked or reinstated prior to petitioner's trial, and that Torrez did not have a deal with the State concerning her testimony against petitioner. Ultimately, both the state trial court and the Texas Court of Criminal Appeals found petitioner's claim of ineffective assistance had no merit.

Further, respondent's answer thoroughly addresses petitioner's claim. Respondent's

position is that petitioner (1) has failed to meet his AEDPA burden to overturn the state court determinations, (2) that petitioner's claims are conclusory, contradicted by the record and without merit, and (3) even if petitioner could show Torrez's probation had been revoked and re-instated prior to petitioner's trial, petitioner has not shown he was prejudiced by counsel's failure to interview and investigate Torrez more thoroughly prior to trial. Review of the state court records shows respondent's position is correct.

First, petitioner has completely failed to show the state court adjudications of this claim were based upon an unreasonable determination of the facts. Second, the state habeas records show defense counsel's statement regarding Torrez, the <u>only</u> "evidence" petitioner submits to support his claim, was not credible. Eleven months prior to petitioner's trial, Torrez pled guilty, without an agreement as to sentencing, adjudication was deferred, and Torrez was placed on probation for ten years. While the State did move to revoke Torrez's probation and adjudicate guilt, such motion was not filed until approximately one month *after* petitioner's conviction. Further, despite her testimony against petitioner, her probation was not continued. In fact, Torrez was adjudicated guilty and sentenced to five years in prison. At no time prior to petitioner's trial was Torrez's probation revoked and then "reinstated," nor was there any agreement between the State and Torrez for her testimony against petitioner. Petitioner has not shown there was any impeachment evidence defense counsel could have discovered if he had interviewed and investigated Torrez prior to trial. Petitioner has not shown defense counsel was deficient, that the state trial courts' findings that the claim was without merit was based upon an unreasonable determination of the facts, or that the state courts' determination that counsel was not ineffective involved an unreasonable application of clearly established federal law. Petitioner's first ground should be DENIED.

### Failure to interview or investigate Amanda Beard prior to trial to discover potential impeachment evidence

Petitioner presents that Amanda Beard testified at his trial that "she was aware of the drugs that Petitioner had on him the night he was arrested because her boyfriend Justin gave them to him." During cross-examination, Beard testified she was using methamphetamine on the date of petitioner's arrest, but had stopped using a year and two months prior to petitioner's trial – one month after she was arrested for possession of drugs. Beard also testified she was on probation for a drug offense. Petitioner characterizes Beard's testimony, although elicited on cross-examination, as presenting herself as "a saint," and showing "she had straightened her life out." Petitioner contends this bolstering testimony from Beard was false, noting that *after* trial, defense counsel purportedly discovered Beard had been "in trouble with the law two other times for drug offenses," and had a "pending Criminal Charge for engaging in organized Criminal Activity." Relying on counsel's affidavit, petitioner argues counsel was deficient because he failed to interview and investigate Beard prior to trial to discover these facts and to use such facts at trial to impeach Beard's bolstering testimony and render her testimony unbelievable. Petitioner's argument also appears to be premised upon counsel's lack of access to such "facts."

This claim was raised in petitioner's state habeas application. Based upon affidavits and state court records submitted during state habeas proceedings showing Beard was, in fact, on probation for a drug offense when she testified and did not have a pending "felony drug charge for organized crime" at the time she testified at petitioner's trial, both the state trial court and the Texas Court of Criminal Appeals found petitioner's claim of ineffective assistance had no merit.

In addition to the above, respondent's answer thoroughly addresses this claim. Respondent's position is that petitioner (1) has failed to meet his AEDPA burden to overturn the

state court determinations, (2) that petitioner's claims are conclusory, contradicted by the record and without merit, and (3) even if petitioner could show Beard had two additional drug offense charges, petitioner has not shown he was prejudiced by counsel's failure to interview and investigate Beard more thoroughly prior to trial. The Court finds respondent's position is correct.

Petitioner has completely failed to show the state court adjudications of his claim were based upon an unreasonable determination of the facts. The state habeas records show defense counsel's statement regarding Beard, the <u>only</u> evidence upon which petitioner relies, was not credible. On March 26, 2007, petitioner was charged by complaint in Randall County, with engaging in organized criminal activity with Beard and others. The record shows defense counsel was aware, at the time of petitioner's November 2007 trial, of the issues related to this charge against petitioner, including Beard's *unindicted* participation. The record also shows Beard was, in fact, on probation for a drug possession offense at the time of trial. In addition, counsel had access to Beard's criminal history prior to petitioner's trial and any additional pre-trial interview and investigation of Beard by counsel would not have provided impeachment evidence in addition to that already available. Petitioner has not shown counsel's failure to interview and further investigate Beard prior to trial was deficient. Moreover, petitioner has not established any prejudice because of counsel's failure to interview and further investigate Beard prior to trial, or to attempt to impeach Beard. Beard acknowledged her involvement and participation in drug dealing and usage and her participation in the offense in question. Petitioner has not demonstrated that evidence of an additional drug offense would have altered the jury's consideration of Beard's testimony or affected the outcome of the trial. Petitioner has not shown the state trial courts' findings that the claim was without merit was based upon an unreasonable determination of the facts, or that the state courts' determination that counsel was not ineffective involved an unreasonable application of clearly

established federal law. Petitioner's second ground should be DENIED.

### Failure to file pre-trial motions

The only pre-trial motions filed by petitioner's trial counsel appear to be an application for writ of habeas corpus and a motion for bail reduction. Petitioner contends trial counsel was deficient for failing to file (1) a discovery motion, (2) a motion in limine, and (3) motions under sections "37.07 § (g) and 404(b)," and that such failure prejudiced petitioner.

Petitioner argues that had counsel filed a motion for discovery, the State would have been compelled to disclose the circumstances surrounding the purported revocation and reinstatement of witness Torrez's probation prior to petitioner's trial. Respondent's answer thoroughly addresses this claim. With regard to petitioner's claim that defense counsel was ineffective for failing to file a discovery motion, respondent's position is that petitioner (1) failed to meet his AEDPA burden to overturn the state court determinations, and (2) that petitioner has not shown he was prejudiced by counsel's failure to file a motion for discovery. Review of the state court records confirms respondent's position is correct.

As discussed above, petitioner has not demonstrated Torrez's probation was revoked and reinstated prior to petitioner's trial, or that Torrez had a deal with the State in return for her testimony. Petitioner has not shown there was any additional impeachment evidence defense counsel could have found if he had filed a discovery motion. Petitioner has not shown defense counsel was deficient, that the state trial courts' findings that the claim was without merit were based upon an unreasonable determination of the facts, or that the state courts' determination that counsel was not ineffective involved an unreasonable application of clearly established federal law. Petitioner's claim should be DENIED.

Petitioner next argues trial counsel was deficient for failing to file a motion in limine.

Petitioner contends such a motion would have prevented witness Beard from explaining she knew petitioner through the "dope game," an extraneous offense. Respondent's position is that petitioner (1) has misstated Texas law, (2) that his argument is speculative, and (3) that petitioner has not shown he was prejudiced by counsel's failure to file a motion for limine. Review of the state court records confirms respondent's position is correct.

Petitioner has failed to show the state court adjudications of his claim were based upon an unreasonable determination of the facts. Defense counsel's statement that a motion in limine "could have kept any of the State's witnesses from testifying to any extraneous offenses," the <u>only</u> evidence upon which petitioner relies, was found not credible by the state courts. Namely, counsel's mere filing of a motion in limine would <u>not</u> have prevented Beard from making the comment that she knew petitioner through the "drug game," characterized as testimony of an extraneous offense. Under Texas law, a motion in limine does not exclude evidence in and of itself. Here, Beard's comment was made during cross examination, not direct. Moreover, the exclusion of evidence which is the subject of a motion in limine may be reconsidered throughout the trial. Simply filing a motion in limine would not have excluded Beard's reference to the "dope game" as counsel would still have had to object to any such reference at trial.[4] Defense counsel was not deficient for merely failing to file a motion in limine and even if there were a deficiency, petitioner has not shown the prejudice necessary to prevail on this claim. Any effect the filing of a motion in limine would have had on the proceedings is entirely speculative. Petitioner has not shown the state trial courts' finding that the claim was without merit was based upon an unreasonable determination of the facts, or that the state courts' determination that counsel was not ineffective involved an

---

[4]Counsel did object to the "dope game" reference at trial, and the objection was sustained. Counsel failed, however, to object to a second reference, thereby waiving the issue on appeal. Petitioner does not allege ineffective assistance of counsel for this failure to object and preserve error.

unreasonable application of clearly established federal law. Petitioner's claim should be DENIED.

Lastly, petitioner claims defense counsel was ineffective for failing to file motions under article 37.07 § 3(g) of the Texas Code of Criminal Procedure and Rule 404(b) of the Texas Rules of Evidence. Petitioner contends such motions would have required the prosecutor to notify the defense prior to trial of his intent to offer, in its case in chief, prior extraneous offenses, acts, and/or bad acts, and that the failure to file such motions prejudiced petitioner's defense.

Respondent's position is that petitioner (1) has misstated the facts, and (2) has not shown he was prejudiced by counsel's failure to file such motions. Again, review of the state court records shows respondent's position is correct. Petitioner has failed to show the state court adjudications of his claim were based upon an unreasonable determination of the facts. The state court records show that even without such motions, the State provided notice, pursuant to Rule 404(b), of its intention to use seven (7) of petitioner's past criminal offenses during its case-in-chief. Clearly, the defense had notice of the State's intention to use these prior offenses, and the lack of any motions requesting notice of such was inconsequential. This claims should be DENIED.

Petitioner has not presented any evidence to support this claim, fails to show trial counsel's representation was deficient due to any failure to file the identified pre-trial motions, that petitioner was prejudiced by counsel's failure to file the motions, that the state trial courts' findings that the claim was without merit was based upon an unreasonable determination of the facts, or that the state courts' determination that counsel was not ineffective involved an unreasonable application of clearly established federal law. Petitioner's claim should be DENIED.

Petitioner's argument that counsel's filing of additional motions would have resulted in a different or more effective defense, or in a different result of the trial is conclusory and speculative. Petitioner's third ground should be DENIED.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner SALVADOR ELISEO PINA, a/k/a Salvador Eliseo Pena be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of January 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the

Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).