IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SALVADOR ELISEO PINA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0284 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DENY
### PETITIONER'S RULE 60(b) MOTION FOR RELIEF FROM JUDGEMENT

Petitioner, Salvador Eliseo Pina, filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). This 14-page long motion appears to allege the February 19, 2013 Order denying Pina's petition for writ of habeas corpus should be set aside based upon fraud, misrepresentation and misconduct by the opposing party.

The motion begins with a recitation of legal authorities, many of which have little arguable relevance. Paragraph II of the motion is merely a recitation of the activities which occurred the night of the offense for which Pina was convicted and presently incarcerated. Petitioner cites two decisions by the United States Supreme Court, *Brendlin v. California*, 551 U.S. 249, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007) and *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Based upon those two cases, petitioner appears to argue *Brendlin* should apply retroactively. If this is in fact petitioner's argument, it is without merit. First, petitioner does not explain how *Brendlin* benefits him. Secondly, *Brendlin* does not apply retroactively. Although petitioner's reference to *Brendlin* could be read as a claim that the stop of the vehicle in which he was a passenger was illegal, petitioner did not present any issue relating to an illegal stop and seizure, or illegal search in his

petition for habeas corpus relief.

Petitioner also appears to be claiming some sort of a fraud was committed upon the Court (*See* pages 9 and 10 of petitioner's motion). Petitioner does not, however, identify the specifics of any such fraud. The remainder of the motion complains the undersigned was biased, but identifies no basis for such allegations other than an Order denying a motion for an extension of time. The portion of the motion seeking recusal is addressed in a separate Order.

Petitioner Pina has not presented a meritorious Rule 60(b) motion and it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that petitioner's motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b) be DENIED.

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of July, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written

objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).